R. A. GRAY, as Secretary of State, v. J. FRANK CHILDS.

156 So. 274.

Opinion Filed July 21, 1934.

*Cary D. Landis,* Attorney General, and *Robert J. Pleus,* Assistant, for Appellant;

*W. B. Dickenson,* for Appellee.

BUFORD, J.—The appellee filed suit in the Circuit Court of Leon County to enjoin the publication of a proposed constitutional amendment to be submitted to the electorate of Florida for ratification or rejection at the general election in November, 1934.

The Resolution was introduced in the House of Representatives on April 12, 1933, and proposed to amend Section 6 of Article VIII of the Constitution of Florida, so as to read as follows:

"Section 6. The Legislature shall provide for the election by the qualified electors in each county of the following county officers: A Clerk of the Circuit Court, a Sheriff, an officer to be known as Assessor and Collector of Taxes, a Superintendent of Public Instruction, and a County Surveyor. The term of office of all county officers mentioned in this section shall be for four years. Their powers, duties and compensation shall be prescribed by law. The Legislature shall provide by law for the care and custody of all county funds and shall provide the methods of reporting and paying out of such funds.

"Provided, that all county assessors of taxes and tax collectors elected in the general election held in 1932 shall hold office for the term elected."

On April 21st the proposed Resolution was amended as follows:

"In the last line between the words 'term' and 'elected' insert the following 'for which.' "

It was further amended as follows:

"Strike out period at the end of the last line in said Resolution and insert in lieu thereof a comma and add the following: 'after the expiration of which term of office the office of Tax Collector and the office of Tax Assessor in the several counties of the State of Florida shall stand consolidated into one office."

As amended, the Resolution was put on third reading and final passage and was adopted by a vote of 84 in favor of to 7 against. Therefore, as amended, the Joint Resolution passed the House of Representatives by the necessary three-fifths vote of all members elected to the House of Representatives for the legislative session of 1933. But the proposed amendment was not entered upon the House Journal "with the Yeas and Nays" as required by the Constitution. Page 178, House Journal.

The Joint Resolution, after being passed by the House, was referred to the Committee on engrossed Bills. The bill was reported engrossed with amendments and was ordered certified to the Senate on April 21, 1933.

The Journal of the Senate of April 25 shows the following:

"Tallahassee, Fla., April 24, 1933.
"Hon. T. G. Futch,
"President of the Senate.
"Sir:

"I am directed by the House of Representatives to inform the Senate that the House of Representatives has passed by Constitutional three-fifths vote of all members elected to the House of Representatives for 1933 session of the Florida Legislature:

"By Messrs. Herrin and Boynton of Gadsden, Sims of Highlands, Brown of Dade, Lanier of Madison, Rawls of

Alachua, Ezell and Hubbell of Manatee, Ward of Orange, Wynn of Jackson and Stewart of Volusia—

"House Joint Resolution No. 328:

"Proposing an Amendment to Section 6 of Article VIII of the Constitution of the State of Florida, relating to the election of county officers.

"BE IT RESOLVED BY THE LEGISLATURE OF THE STATE OF FLORIDA:

"That the following amendment to Section 6 of Article VIII of the Constitution of the State of Florida relating to the election of county officers be, and the same is hereby agreed to, and shall be submitted to the electors of the State of Florida, at the general election to be held on the first Tuesday after the first Monday in November, A. D. 1934, for ratification or rejection, that is to say, that Section 6 of Article VIII of the Constitution of the State of Florida be amended so as to read as follows:

"Section 6. The Legislature shall provide for the election by the qualified electors in each county of the following county officers: A Clerk of the Circuit Court, a Sheriff, an officer to be known as Assessor and Collector of Taxes, a Superintendent of Public Instruction, and a County Surveyor. The term of office of all county officers mentioned in this section shall be for four years. Their powers, duties, and compensation shall be prescribed by law. The legislature shall provide by law for the care and custody of all county funds and shall provide the methods of reporting and paying out of such funds.

"Provided, that all County Assessors of Taxes and Tax Collectors elected in the general election held in 1932 shall hold office for the term elected."

The following appears in the Senate Journal of the morn-

ing session of April 26th: "The Journal of Tuesday, April 25th, 1933, was corrected and as corrected was approved."

The Journal then shows that House Joint Resolution No. 328 contained in the above message was read the first time in full and was referred to the calendar of bills on second reading without reference on April 25th.

On May 5th the Senate took up House Joint Resolution No. 328 out of order and it was then read a second time in full, as follows:

"BE IT RESOLVED BY THE LEGISLATURE OF THE STATE OF FLORIDA:

"That the following amendment to Section 6 of Article VIII of the Constitution of the State of Florida relating to the election of county officers be, and the same is hereby agreed to, and shall be submitted to the electors of the State of Florida at the general election to be held on the first Tuesday after the first Monday in November, A. D. 1934, for ratification or rejection, that is to say, that Section 6 of Article VIII of the Constitution of the State of Florida be amended so as to read as follows:

"Section 6. The Legislature shall provide for the election by the qualified electors in each county of the following county officers: A Clerk of the Circuit Court, a Sheriff, an officer to be known as Assessor and Collector of Taxes, a Superintendent of Public Instruction, and a County Surveyor. The term of office of all county officers mentioned in this section shall be for four years. Their powers, duties and compensation shall be prescribed by law. The Legislature shall provide by law for the care and custody of all county funds and shall provide the methods of reporting and paying out of such funds.

"Provided, that all County Assessors of Taxes and Tax

Collectors elected in the general election held in 1932 shall hold office for the term elected."

Thereupon, the following amendment was offered by Senator Getzen:

"Strike out everything after the enacting clause and insert in lieu thereof the following:

"That the following amendment to Section 6 of Article VIII of the Constitution of the State of Florida relating to the election of county officers be and the same is hereby agreed to, and shall be submitted to the electors of the State of Florida at the general election to be held on the first Tuesday after the first Monday in November, A. D. 1934, for ratification or rejection, that is to say, that Section 6 of Article VIII of the Constitution of the State of Florida be amended so as to read as follows:

"Section 6. The Legislature shall provide for the election by the qualified electors in each county of the following county officers: A Clerk of the Circuit Court, a Sheriff, a County Assessor and Collector of Taxes. The term of office of all county officers mentioned in this section shall be for four years. Their powers, duties and compensation shall be prescribed by law. The Legislature shall provide by law for the care and custody of all county funds and shall provide the method of reporting and paying out all such funds.

"Provided, however, that the County Assessor of Taxes, Tax Collector, Superintendent of Public Instruction, and County Surveyor elected in the general election held in November, 1932, shall hold office for the term elected, and until otherwise provided by the Legislature.

"Senator Getzen moved the adoption of the amendment."

Thereupon the following proceedings were had:

"Pending the adoption of the amendment offered by Senator Getzen, Senator Whitaker offered the following amendment to the amendment:

"Amendment to amendment of Senator Getzen, add after the words 'County Surveyor' in the third line from end of said amendment the following: 'and Constables.'

"Senator. Whitaker moved the adoption of the amendment to the amendment.

. "Which was agreed to.

"And the amendment to the amendment was adopted.

"The question recurred on the adoption of the amendment, as amended, offered by Senator Getzen to House Joint Resolution No. 328.

"Which was agreed to.

"And the amendment, as amended, was adopted.

"Senator Getzen moved that the rules be further waived and House Joint Resolution No. 328, as amended, be read a third time in full and put upon its passage.

"Which was agreed to by a two-thirds vote.

"And House Joint Resolution No. 328, as amended, was read a third time in full.

"By unanimous consent, Senator Gillis offered the following amendment to House Joint Resolution No. 328:

"In Section. 6, line 4 (typewritten bill), strike out the words: 'and Collector of Taxes' and insert in lieu thereof the following: 'Who shall also be Tax Collector.'

"Senator Gillis moved the adoption of the amendment.

"Which was agreed to.

"And the amendment was adopted.

"Upon the passage of the Joint Resolution, as amended, the roll was called, the vote was:

"Yeas—Senators Anderson, Andrews, Bass, Black, Caro, Chowning, Dell, Gary, Getzen, Gillis, Gomez, Harrison,

Hilburn, Holland, Lewis, Lundy, MacWilliams, Mann, Murphy, Parker, Raulerson, Rose, Shivers, Turner, Watson, Whitaker—26.

"Nays—Mr. President, Senators Butler, Hodges, Larson, Shelley, Sikes—6.

"So House Joint Resolution No. 328, as amended, passed by the required Constitutional three-fifths vote of all the members elected to the Senate for the 1933 session of the Florida Legislature.

"And the action of the Senate was certified to the House of Representatives."

It is true that the record shows that the Senate afterwards adopted a conference report by which it receded from its amendments, but the Journal of the Senate shows affirmatively that the amendment proposed in the Joint Resolution which it had under consideration on May 5th was not in the language of the proposed amendment now about to be published. The Journal further shows affirmatively that the Senate when it corrected and approved its Journal of May 5th, on May 8th, in no wise amended the same in connection with this proposed Resolution.

On Monday, May 8th, the Journal of Friday, May 5th, was corrected as follows:

"On page 20, column 1, line 43, between the word 'line' and the word 'after' insert the figure '3.'

"On page 20, column 1, line 43, strike out the word 'Banks' and insert in lieu thereof the word 'Bonds.'

"On page 21, column 1, line 50, between the word 'River' and the word 'Hillsborough' insert 'to.'

"On page 21, column 1, line 56, strike out 'Cyunty' and insert in lieu thereof 'County.'

"On page 21, column 2, strike out lines 69 to 75, both inclusive, and insert in lieu thereof the following:

"A bill to be entitled an Act to abolish the Board of Commissioners of St. Lucie Inlet District and Port Authority and offices of Treasurer and Secretary as created and defined by Chapter 13808, Laws of Florida, 1929, and Amendatory Act thereof enacted by the Florida Legislature, 1931; to provide that all functions, duties and powers as provided in Chapter 13808 and the Amendatory Act thereof, are hereby vested in a new board to be made up *ex officio* of the five County Commissioners of Martin County, Florida, and the chairman and one member of the Board of the County Commissioners of St. Lucie County to be by the latter designated; providing that the Clerk of the Circuit Court of Martin County, Florida, shall act as Secretary and Treasurer of said District; to repeal and remove the authorization for the tax levy for maintenance, repair or construction or for the payment of expenses in carrying on or transacting the business of said District, and to repeal the tax levy for police, fire, sanitary and publicity purposes; providing that all properties and assets, as well as the books and records of said District, together with a written report setting forth the financial affairs and status of said District shall be delivered to the new board created hereunder, within thirty days after such Act becomes a law; and providing regulations incidental to the purpose and intent of this Act. Same being correction to the title of Committee Substitute for House Bill No. 806. And as corrected was approved."

Now, this shows affirmatively and conclusively that the Senate took under consideration on May 8th the matter of correcting and approving the Journal entries of May 5th and that after correcting the Journal of May 5th it approved the Journal of that date as corrected and thereby made it the permanent record of what was before the Sen-

ate and what transpired on that date, and that record shows that House Joint Resolution No. 328 as then pending before the Senate and as acted upon by the Senate was identical with House Joint Resolution No. 328 as introduced in the House of Representatives and did not contain either of the two amendments which had been adopted when the matter was pending before the House of Representatives and which the record, as above referred to, shows had been adopted by the House of Representatives as amendments to the Joint Resolution when the same was passed by a three-fifths vote of the House of Representatives and which finally, as so written and amended, in some manner, found its way into the office of the Secretary of State and which, as now proposed to be published, reads as follows:

"HOUSE JOINT RESOLUTION 328.

"PROPOSING AN AMENDMENT TO SECTION 6 OF ARTICLE VIII OF THE CONSTITUTION OF THE STATE OF FLORIDA, RELATING TO THE ELECTION OF COUNTY OFFICERS.

"BE IT RESOLVED BY THE LEGISLATURE OF THE STATE OF FLORIDA:

"That the following amendment to Section 6 of Article VIII of the Constitution of the State of Florida relating to the election of county officers be, and the same is hereby agreed to, and shall be submitted to the electors of the State of Florida at the general election to be held on the first Tuesday after the first Monday in November, A. D. 1934, for ratification or rejection, that is to say, that Section 6 of Article VIII of the Constitution of the State of Florida be amended so as to read as follows:

"Section 6. The Legislature shall provide for the election by the qualified electors in each county of the following county officers: A Clerk of the Circuit Court, a Sheriff, an officer to be known as Assessor and Collector of Taxes,

a Superintendent of Public Instruction, and a County Surveyor. The term of office of all county officers mentioned in this section shall be for four years. Their powers, duties and compensation shall be prescribed by law. The Legislature shall provide by law for the care and custody of all county funds and shall provide the methods of reporting and paying out of such funds.

"Provided, that all county assessors of taxes and tax collectors elected in the general election held in 1932 shall hold office for the term for which elected, after the expiration of which term of office the office of Tax Collector and the office of Tax Assessor in the several counties of the State of Florida shall stand consolidated into one office."

Nowhere in the Senate Journal does this Resolution appear in the language in which it passed the House of Representatives, but in every place in which it appears in the Senate Journal it appears either in the language in which it was first introduced in the House of Representatives or in the language in which it was couched by the Senate amendments above referred to.

On June 2, 1933, House Concurrent Resolution No. 23 was introduced and passed in the following language:

"House Concurrent Resolution No. 23.

"Be It Resolved by the House of Representatives of the State of Florida, the Senate Concurring:

"That the Chief Clerk of the House of Representatives and the Secretary of the Senate be, and they are hereby authorized and directed to correct and revise the respective journals of the Senate and House of Representatives for the last three days of the legislative session, to the end that the said journals as finally incorporated into the bound volumes, may present a truthful and accurate account of the proceedings of the two Houses; and be it further

"RESOLVED, by the House of Representatives, the Senate concurring, that the Chief Clerk of the House of Representatives and the Secretary of the Senate be, and they are hereby further authorized and directed to prepare and cause to be printed with the bound volumes of the journals of their respective Houses an errata sheet which shall note any errors of form and substance in the said bound volumes covering the period of the entire session of 1933, and that said errata sheet, when so made, attached and printed in connection with the bound journals shall be and become a part thereof, as a record of the history and proceedings of the Regular Session of the Legislature of 1933."

This Concurrent Resolution was concurred in by the Senate on the same date. The Legislature adjourned *sine die* on that date. Apparently in conformity with this Resolution errata sheets are attached to the Journal of the House and the Journal of the Senate. There is nothing to show when the corrections proposed by these errata sheets were made and upon what data the corrections were based and, therefore, we do not think that any force or effect can be given to such attempted corrections, or alleged corrections, of the Journals of the Legislature. The Concurrent Resolution authorizing the Chief Clerk of the House of Representatives and the Secretary of the Senate does not purport to authorize these employees to make corrections in the bound volumes of the respective Journals to conform to corrections theretofore made by the House of Representatives and Senate, respectively, but it does purport to authorize those employees "to prepare and cause to be printed with the bound volumes of the Journals of their respective Houses an errata sheet which shall note any errors of form and substance in the said bound volume covering the period of the entire session of 1933, and that

such errata sheet when so made, attached and printed in connection with the bound journals, shall be and become a part thereof as a record of the history and proceedings of the Regular Session of the Legislature of 1933."

The provisions of that Resolution purported to authorize these two employees, the Chief Clerk of the House of Representatives and the Secretary of the Senate, to determine after the Legislature had adjourned what should constitute the record of the proceedings of that Legislature. It was a power which the Legislature probably could not have reserved unto itself, to say nothing of the purporting to delegate that power to employees to be exercised after the Session of the Legislature of 1933 had passed into history.

The Legislature had inherent power as long as it was in session to make its records speak the truth and to record in its Journals the true history of the proceedings of that Assembly and as the history was written and approved by the Legislature while in session, so it must stand. To say that the Legislature has the power by means of a Concurrent Resolution to delegate authority to two employees, one of the Senate and one of the House of Representatives, to, by the mere use and insertion of an errata sheet, make or mar any legislation that may have been attempted by the Legislature while in session is, to our minds, too absurd to be given serious consideration. The Legislature might have by a Concurrent Resolution authorized the Secretary of the Senate and the Chief Clerk of the House of Representatives to correct the bound volumes of the Journal to conform with the corrected and approved Journals of the House and the Senate, respectively, so that the bound volume would be in accord with the corrected and approved daily journals, but, this is a far call from an attempt to

authorize those employees to make such corrections as they may deem proper in both form and substance and to make those corrections the controlling data as to the history of what transpired in the session of the Legislature.

Section 1 of Article XVII of our Constitution provides the method by which the Constitution may be amended. It requires that a proposed amendment shall be entered upon the respective Journals of the House of Representatives and of the Senate with the Yeas and Nays showing a three-fifths vote in favor of such amendment by each House. The proposed amendment here under consideration nowhere appears upon the Journals of the Senate and, therefore, it is unnecessary for us to consider any other questions presented, or any authorities cited.

The amendment of the organic law of the State or Nation is not a thing to be lightly undertaken, nor to be accomplished in a haphazard manner. It is a serious thing. When an amendment is adopted it becomes a part of the fundamental law of the land and it may mean the weal or woe of the future generations of the State wherein it becomes a part of the fundamental law. We cannot say that the strict requirements pertaining to amendments may be waived in favor of a good amendment and invoked as against a bad amendment. If the Constitution may be amended in one respect without the amendment being spread upon the Journals of one of the respective Houses of the Legislature, then it may be amended in any other respect in the same manner. It is not for the Courts to determine what is a wise proposed amendment, or what is an unwise one. With the wisdom or the policy the Courts have nothing to do. But, it is the duty of the Courts when called upon so to do, to determine whether or not the procedure attempted to be adopted is that which is required by the terms of the organic law.

Finding that the organic law has not been complied with, as above pointed out, the decree appealed from should be, and the same is hereby affirmed on authority of the opinion and judgment in the case of Crawford v. Gilchrist, 64 Fla. 41, 59 Sou. 968.

It is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.